IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THANH PHAM and THUY PHUONG PHAM, h/w MICHAEL PHAM**<br><br>Plaintiffs,<br><br>v.<br><br>**ALLSTATE INSURANCE COMPANY**<br><br>Defendant. | **CIVIL ACTION**<br><br>**NO. 22-4601** |

<u>**MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS COUNT II**</u>

**Baylson, J.**                                                                                                                    **January 30, 2023**

### I.   SUMMARY OF ALLEGED FACTS AND CLAIMS

Plaintiffs Thanh Pham and Thuy Phuong Pham, a married couple, with their adult son, Michael Pham (together, "Plaintiffs") brought this case in the Court of Common Pleas of Philadelphia County, and the Defendant, Allstate Insurance Company ("Allstate") removed to federal court on the basis of diversity. (ECF 1.)  The facts alleged by Plaintiffs are as follows.  Plaintiffs own and reside in a home that is insured by Allstate.  Compl. (ECF 1-5) at ¶ 1-3.  Plaintiffs' home was damaged by a tornado resulting in damaged walls and roofs; Plaintiffs allege that all damage was covered by the insurance policy.  <u>Id.</u> at ¶ 4.  Plaintiffs alerted Allstate as to the damage, but Allstate failed to fully indemnify Plaintiffs for the loss they suffered.  <u>Id.</u> at ¶¶ 5-11.  Plaintiffs also allege that Allstate's failure to indemnify Plaintiffs for their losses was knowing and reckless and amounted to bad faith because Allstate failed to have the property properly inspected ad failed to provide any explanation for why the value of the alleged damage was lowered by over $100,000.  <u>Id.</u> at ¶ 13-13.30.

Plaintiffs bring two claims:

1

1. Count One: Breach of Contract for Allstate's failure to fully cover the Plaintiffs' costs; and

2. Count Two: Statutory Bad Faith for Allstate's failure to fully cover the Plaintiffs' costs.

## II.     SUMMARY OF BRIEFING

Allstate filed a Motion to Dismiss Count II, the statutory bad faith claim, on November 23, 2022.  Allstate Mot. (ECF 6).  It does not challenge Count I, the breach of contract claim.  It argues that Plaintiffs have failed to adequately allege facts necessary to support a claim of statutory bad faith.  Id. at 6-8.

Plaintiffs respond that the allegations laid forth in the complaint are sufficient.  Pl. Response (ECF 7) at 10-12, 16-17.  Plaintiffs argue that the bad faith conduct in an insurance dispute is not limited to denial of a claim but can extend to an insurer's investigative practices.  Id. at 13.  Plaintiffs also argue that Allstate failed to have an adjuster actually inspect the damage; that Allstate instead relied on agents, who did not go to the property, to provide a damage estimate; and that the multiple agents who analyzed the Plaintiffs' claim did not have an appropriate understanding of the issues.  Id. at 16-17.  Finally, Plaintiffs argue that a dispute as to the amount of damages does not always indicate bad faith but that a "low ball offer" may satisfy the elements of a bad faith claim, given the circumstances.  Id. at 20.  Plaintiffs include a number of factual inferences that they argue should be drawn from the allegations in the Complaint.  Id. at 21-22.

Allstate replies, arguing again that the allegations in the Complaint are insufficient to establish a claim of bad faith, and that the allegations do not satisfy the "clear and convincing evidence" standard required for a bad faith claim.  Allstate Reply (ECF 8) at 1-2.  Allstate also argues that because there is a dispute as to the damages in the contract case, namely a dispute about the value of the damage done to the house, that Allstate's determination of the value of the house could not have been made in bad faith.  Id. at 2-4.

### III. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all factual allegations as true and views them in a light most favorable to the plaintiff. Doe v. Univ. of the Scis., 961 F.3d 203, 208 (3d Cir. 2020). To survive a motion to dismiss, a plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint is insufficient if it suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Twombly, 550 U.S. at 555). A plaintiff must "plead 'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for misconduct alleged.'" Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009)).

### IV. STATUTORY BAD FAITH ANALYSIS

Pennsylvania statutory law recognizes a claim of bad faith against insurers but does not define the elements of such a claim. 42 Pa. § 8371. Instead, the Pennsylvania Superior Court has laid out a test:

> [T]o succeed on a bad faith claim, the insured must present clear and convincing evidence to satisfy a two part test: (1) the insurer did not have a reasonable basis for denying benefits under the policy, and (2) the insurer knew of or recklessly disregarded its lack of reasonable basis in denying the claim.

Rancosky v. Washington Nat. Ins. Co., 130 A.2d 79, 92 (Pa. Super. Ct. 2015), citing Terletsky v. Prudential Property and Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994).

Based on the facts alleged in the complaint, the Plaintiffs have adequately alleged facts that would support a claim of bad faith. In Count II, the Complaint includes thirty (30) paragraphs of

3

allegations that, if taken as fact, would show that the Allstate adjusters assigned to the Plaintiffs' claim had "never personally inspected" the claimed losses (Compl. ¶¶ 13.20, 13.26) and that Allstate did not provide any explanation for why the damage estimate was lowered from over $189,000 to less than $77,000 (Compl. ¶ 13.27). The allegations in the Complaint adequately allege that there was a clear lack of "reasonable basis" for Allstate's final loss calculation and that Allstate acted knowingly or recklessly with regard the lowered calculation of loss. Based on the briefing, the Plaintiffs will be able to offer evidence to support their claim for statutory bad faith. Response at 21-22.

### V. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss is **DENIED**. An appropriate Order follows.